CRESWELL RANCH AND CATTLE CO., LIMITED, v. WALTER SCOGGINS.

Delivered February 16, 1897.

### 1. Pleading—Petition in Trespass Not Sufficient.

Plaintiff's petition admitted that within its very large pasture there were 5000 acres belonging to parties unknown to it, and alleged that defendant had pastured in its inclosure 400 head of horses and cattle, and prayed judgment for the reasonable value of the pasturage. Held, that the petition was defective in not alleging that defendant had no right to pasture his cattle on those 5000 acres, and in not averring that defendant broke the plaintiff's close in placing his cattle thereon.

### 2. Same.

Under a petition admitting that there were within plaintiff's pasture 5000 acres of land belonging to other parties, on which defendant's cows may have been properly running, plaintiff cannot recover for the services of its bulls on such cows, since it should have fenced its own land so as to exclude the cattle on the 5000 acres.

### 3. Same—Petition in Trespass Sufficient.

A petition alleging that plaintiff was the owner by lease of certain lands, and that defendant, with force and arms, entered and took possession thereof, and excluded plaintiff therefrom, and praying for the reasonable value of the land for the time appropriated, states a good cause of action.

### 4. Limitation—Continuing Trespass.

Where one, with force and arms, enters upon the land of another, and excludes him therefrom, and pastures his own cattle thereon, the trespass is a continuing one, for which an action can be annually maintained, so that only those damages occurring more than two years before the institution of the suit are barred.

APPEAL from Roberts. Tried below before Hon. B. M. BAKER.

*H. E. Hoover,* for appellant.—1. A good petition: Nunn v. Townes, 28 S. W. Rep., 1117; Bank v. Barrett, 25 S. W. Rep., 465; 2 Parsons on Contracts (7th ed.), p. 654; 1 Am. & Eng. Ency. of Law, p. 888, and cases cited therein; Sayles' Texas Pleading, Ch. 13, sec. 140; Reynolds v. Williams, 1 Texas, 311; Kolb v. Bankhead, 18 Texas, 228.

2. Where the gist of the action is not the unlawful entry, or the destruction of the land, but the appropriation and destruction of the grass and crops thereon grown each year, successive actions may be brought for the injuries as they occur, and the statute of limitation will not begin to run from the date of entry, but separately against each injury as it occurs. Railway v. Anderson, 15 S. W. Rep., 484; Railway v. Helsley, 62 Texas, 593; Railway v. Davis, 29 S. W. Rep., 483; Clark v. Dyer, 16 S. W. Rep., 1061; Railway v. Goldman, 28 S. W. Rep., 267; Bonner v. Wirth, 24 S. W. Rep., 306; Wood on Limitation, 373, 180; Powers v. Council Bluffs, 45 Iowa, 652.

*L. D. Miller* and *Browning & Madden,* for appellee.—On sufficiency of first count: Pace v. Potter, 85 Texas, 476, 22 S. W. Rep., 300; Land Co. v. McClelland Bros., 86 Texas, 179, 23 S. W. Rep., 1100, 34 S. W. Rep., 98, 35 S. W. Rep., 474; Railway v. Tippit, 2 Willson C. C., sec. 807; 4 Am. & Eng. Ency of Law, p. 894; 1. Washburn on

Real Property (4th ed.), pp. 3, 10; 1 Am. & Eng. Ency. of Law, title "Assumpsit"; 3 Sutherland on Damages, p. 388.

On sufficiency of second count: Last five above, and Willis & Bro. v. Morris, 66 Texas, 632; 6 Wait's Actions and Defenses, p. 64; More v. Perry, 61 Mo., 174.

HUNTER, ASSOCIATE JUSTICE.—Appellant filed this suit on the 16th day of April, 1896, in the District Court of Roberts County, against appellee, to recover $1633.33 in the aggregate, alleging in substance as follows:

1.   That on the 1st day of April, 1896, and for a long time prior thereto, to-wit, over two years, it owned by fee simple title 173,714.4 acres of land in said Roberts County, setting out a list of said lands as an exhibit to its petition; that during the same time it held other lands in said county, by lease from the State of Texas, amounting to the further sum of 72,400 acres making in all a total of 246,114.4 acres; that all of said lands are inclosed, and were so inclosed since the 1st day of April, 1894, by a fence of posts and wire, into a pasture, in which plaintiff during all of said time grazed its cattle; that during all said time there was in said inclosure 5000 acres of land other than that owned by plaintiff, which belonged to various persons whose names it was unable to state, and that said unknown persons owned an interest in said pasture in the proportion said 5000 acres bore to the whole number of acres therein; that from the 1st day of April, 1894, the defendant had continually held and pastured in said inclosure 400 head of horses and cattle; that the reasonable value of the pasturage of said stock for said two years was $800, plaintiff's proportionate share being $533.33, which defendant refused to pay, and it asked for judgment for said sum of $533.33.

2.   That plaintiff was the owner by lease from the State of Texas of section No. 8, block No. 46, in said county, for five years next past from the 1st day of April, 1896; that on the 1st day of April, 1892, the defendant with force and arms entered and took possession of said lands, fenced the same to his own use, and excluded plaintiff therefrom; that the reasonable value of said land for the time so appropriated is and was the sum of $125 per year for each and every year so appropriated, or the sum of $500 in the aggregate, which sum defendant refused to pay, and for which it asked judgment.

3.   That for two years from the 1st day of April, 1894, defendant owned 300 head of cows, which he held in plaintiff's said inclosure during all of which time defendant owned or possessed no bulls, and knowingly procured and caused his said cows to mingle and herd with its bulls to procure calves thereby, and did procure calves froms its bulls by so doing, and by locating them around his cattle; that for said two years its bulls served 300 cows for defendant, defendant converting the use of 30 bulls, the property of plaintiff, by said means for said purpose; that the value of the service of said bulls was and is reasonably worth the

sum of $300 per year, or the sum of $600 in the aggregate, which sum defendant refuses to pay.

The three items make the total amount of $1633.33 sued for.

Appellee having answered by general and special demurrer, as well as by general denial, the court on the 9th day of May, 1896, sustained appellee's general and special demurrers to appellant's original petition, and appellant having refused to amend, and electing to abide by its pleadings, the court below dismissed the case. Appellant excepted, and assigns error on the action of the court in sustaining the demurrers.

The demurrers were as follows:

"1. All that part which seeks to charge defendant for the grass his cattle ate and trod down in the pasture described in said petition, amounting to $533.33, does not show any right in plaintiff to recover, nor any liability on defendant's part, because it is not made to appear how the defendant's cattle came into the pasture, and fails to negative the right in him to put his cattle in or to allow them to run in said pasture.

"2. All that part which seeks to recover $500 from defendant for trespassing upon and converting section No. 8, in block 46, certificate No. 25/1377, originally granted H. & T. C. Ry. Co. in Roberts County, because it appears therefrom that more than two years has elapsed from the time this cause of action arose, if any it has ever had, and further it does not appear that the alleged entry and conversion was without plaintiff's consent.

"3. All that part which seeks to recover for use and services of plaintiff's bulls $600 is insufficient, because it does not show a valid or legal cause of action, it does not show how many bulls were so used, and the services thereof converted by defendant, and does not show any damage to have accrued to plaintiff or to its said bulls by reason of such use, of all which this defendant prays the judgment of the court."

It is admitted in the petition that there were and are 5000 acres of land contained in plaintiff's pasture, the names of the owners of which are unknown to it. It is not averred that defendant had no right to pasture his cattle on these 5000 acres, nor is it averred that the defendant broke the plaintiff's close in placing his cattle thereon. The bare statement is made that these 5000 acres are in the pasture, and that plaintiff has had all of said lands inclosed since April 16, 1894, and that defendant's cattle have been grazing in said pasture on plaintiff's grass since April 16, 1894.

Whether the defendant's cattle were rightfully on these 5000 acres or not, is a matter that does not concern the plaintiff. It must show in itself the right to exclude him. If, therefore, defendant was grazing his cattle on lands from which the plaintiff had no right to exclude him, and the plaintiff inclosed the lands and cattle in his pasture with lands of its own, it cannot complain that defendant's cattle wander over on its tracts and graze thereon. It should fence around on the lines of its lands, so as to exclude them from the lands it does not own, or aver

that it had inclosed the lands not owned by it, and was in possession thereof, and that defendant, having no right to possession or use thereof, forceably broke and entered its said inclosure and thus wrongfully placed his cattle therein.

The third count is not good, for the reason that plaintiff should have fenced its lands so as to exclude them from the 5000 acres, and kept its bulls within its inclosure; but if they are permitted to run in the pasture where other persons' cows are rightfully grazing, it can not recover for the service of the bulls if they go to the cows or the cows go to them.

The second count we believe is good, and the court erred in sustaining the demurrer thereto. The allegation is that the entry was made upon the section with force and arms, and this excludes the idea that it was with plaintiff's consent. The statute of limitation of two years, as presented in the demurrer, was good against all trespasses or damages for use and occupation occurring more than two years next before the filing of the suit, but bad as to those occurring within the two years. This is not a trespass that destroys or damages the property in such a manner as would require a recovery for the full and entire injury at one time and in one suit, but a continuing trespass from year to year, and for which an action could be annually maintained, and the measure of damages would be the value of the use and occupation of the land for the year.

But while this count states a cause of action, a more serious objection appears thereto, which was not made in the court below by the demurrers, and that is, that the District Court had no jurisdiction over the subject matter. The amount claimed being $500, the County Court had exclusive jurisdiction. The amount claimed would have to exceed $500, to give the District Court jurisdiction. Constitution, art. 5, sec. 16; Railway v. Rambolt, 67 Texas, 654; Garrison v. Express Co., 69 Texas, 345; Carroll v. Silk, 70 Texas, 23; St. Louis Type Foundry v. Taylor, 6 Texas Civ. App., 732.

No cause of action being stated in the other two counts of the petition, and demurrers having been sustained thereto, and appellant having declined to amend the same, we conclude that appellant plead its case as fully as the facts warranted, and we therefore affirm the judgment of the District Court in dismissing the same.

*Affirmed.*

ON MOTION FOR REHEARING.

HUNTER, ASSOCIATE JUSTICE.—On this motion it is called to our attention that, by an Act of the Legislature, all civil and criminal jurisdiction, at the time this suit was filed, had been taken from the County Court of Roberts County and conferred upon the District Court of said county, and this would give that District Court jurisdiction of suits where the amount claimed is $500 or less.

Adhering to our former opinion rendered herein otherwise, but by reason of this Act of the Legislature conferring jurisdiction on the District Court in such cases as that set forth in the second count, we are of opinion that the District Court erred in dismissing the plaintiff's cause, and therefore grant a rehearing herein and reverse the judgment of the District Court and remand the cause for a new trial.

March 20, 1897.                                     *Rehearing granted.*
                                                   *Reversed and remanded.*