**Bernice KITTRELL et al.,**
**Plaintiffs-Appellants,**

v.

**CITY OF ROCKWALL et al.,**
**Defendants-Appellees.**

No. 75–3520
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Samuel W. Hudson, III, Dallas, Tex., for plaintiffs-appellants.

Wm. I. Lofland, County Atty., Rockwall County, Rockwall, Tex., for County of Rockwall.

H. Louis Nichols, Dallas, Tex., for City of Rockwall.

Lancaster Smith and Harvey L. Davis, Dallas, Tex., for A. W. Weir, and others.

Wade C. Smith, Dallas, Tex., for Cullum Const. Co.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Appellants filed a complaint in the United States District Court for the Northern District of Texas alleging violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1988 and rights guaranteed under the Fifth and Fourteenth Amendments. The essence of appellants' complaint is that early in the spring of 1965 appellees entered on and desecrated a cemetery where appellants' kinsmen were buried. Appellants allege that appellees' wrongful appropriation of the land in question continued up to the time that their complaint was filed in this lawsuit. Since appellants are black, they feel that the alleged acts of appellees amount to unlawful racial discrimination. They also believe that they were deprived of property without due process of law.

In an earlier action brought in a district court of the State of Texas which involved essentially the same operative facts, the jury found that appellees did not commit any willful or wanton acts against appellants, and that appellants failed to maintain the property in question as a recognizable cemetery. The jury also found that appellants' failure to maintain the cemetery constituted negligence and was the proximate cause of the acts in question. No damages were awarded to appellants.

In view of the state court proceeding, the court below dismissed appellants' claim stating that it was barred by the doctrines of res judicata and collateral estoppel.

Appellants urge in their reply brief filed with this court that since acts were alleged in their complaint in the United States District Court which occurred subsequent to the state court judgment, any claims arising out of such acts would not be barred by the doctrines of res judicata and collateral estoppel.

We hold that although the state court judgment would not act as a bar to claims based on acts which allegedly took place subsequent to the state proceeding, any cause of action that might arise out of such acts is barred by the applicable statute of limitations.

Since there is no federal statute of limitations which applies to civil rights actions, the applicable statute of the state forum controls. *E. g., Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Johnson v. Goodyear Tire & Rubber Co., Synthetic Rubber Plant,* 491 F.2d 1364 (5 Cir. 1974). In Texas, the applicable statute of limitations for suits alleging trespass and wrongful appropriation of property is V.A.C.S. art. 5526. *Carter v. Associated Transfer & Storage*

*Co.,* 410 S.W.2d 830 (Tex.Civ.App.1966), no writ hist.; *Gulf Refining Co. v. Nabers,* 134 S.W.2d 843 (Tex.Civ.App.1939), no writ hist. The two year period set forth in V.A.C.S. art. 5526 starts to run on the date of the appropriation when damages are sought in connection with a suit for wrongful appropriation of land. *Payne v. City of Tyler,* 379 S.W.2d 373, 377 (Tex.Civ.App.1964) n. r. e.; *J. S. Abercrombie Co. v. Hagen,* 238 S.W.2d 239 (Tex.Civ.App.1951), no writ hist. Since the initial appropriation in the instant law suit allegedly occurred in the spring of 1965, any cause of action which might arise out of the acts alleged in appellants' complaint is barred by the statute of limitations. V.A.C.S. art. 5526.

The district court's order dismissing appellants' claim is affirmed.