**Linnie B. ARQUETTE, Appellant,**

v.

**Billy C. HANCOCK, Appellee.**

**No. 16928.**

Court of Appeals of Texas,
San Antonio.

July 29, 1983.

Rehearing Denied Aug. 31, 1983.

David W. Rogers, San Antonio, for appellant.

Ann Livingston, Thomas Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

Before CANTU, REEVES and DIAL, JJ.

## OPINION

CANTU, Justice.

This is an appeal from the granting of a summary judgment. On November 19, 1980, Arquette filed pursuant to 42 U.S.C. § 1983 (1981) suit against Hancock, the constable of Bexar County, precinct three, alleging a violation of her civil rights. Appellee filed his motion for summary judgment pleading limitations as a bar and the trial court found the two year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp. 1982–83), applicable, and granted the motion for summary judgment.

Appellant's petition alleged that on November 2, 1978, a complaint was filed against her by Sears, Roebuck, & Co., charging her with issuance of a bad check. On November 9, 1978, she was adjudged guilty in a justice of the peace court, but gave notice of appeal. She alleged that after the appeal bond was filed and the case was pending in County Court at Law No. 1, Hancock or his agent knowingly and intentionally threatened and intimidated her into paying the fine, which was done, even though an appeal had been perfected. Further that on May 29, 1979, the County Court at Law entered an order that reversed appellant's conviction, found the fine was "illegally and improperly pursued, collected, and accepted" and directed that the money be refunded. Appellant alleged that at the time the petition was filed, the money had not yet been refunded. Punitive damages, and damages for "humiliation, shame, inconvenience, and mental suffering" were sought. The trial court granted summary judgment on a finding that the cause of action accrued on November 15, 1978, the date the fine was paid, and a finding that the petition was filed four days after limitations had run.

Appellant argues the cause of action accrued when the County Court ordered Han-

cock to refund the fine because his actions were a continuing wrong and suit could not be brought until the conviction for theft was reversed and the fine ordered repaid.[1] We disagree.

■ The cause of action is one for violation of Arquette's fifth amendment right against deprivation of property without due process of law and is brought pursuant to 42 U.S.C. § 1983 (1981). The applicable statute of limitations is determined by state law, but the time of the cause of action's accrual is a federal question. *Bryant v. Potts,* 528 F.2d 621 (5th Cir.1976); *Leonhard v. United States,* 633 F.2d 599 (2nd Cir.1980) *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). The applicable statute is clearly the two year statute for detention or taking of property. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp. 1982–83). *See Braden v. Texas A & M University System,* 636 F.2d 90, 93 (5th Cir.1981); *Kittrell v. City of Rockwall,* 526 F.2d 715, 716 (5th Cir.1976), *cert. denied,* 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976).

■ The cause of action accrued when Arquette knew or had reason to know of the injury. *Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir.1981). The allegations in appellant's petition describe the wrongful conduct complained of as the collection of the fine after the appeal bond had been filed. Irrespective of whether Arquette's criminal conviction was reversed or affirmed by the County Court, the collection of the fine remained the wrong giving rise to a cause of action. If the conviction had been affirmed, appellant's cause of action would not have been affected, although the amount of damages might have changed. There was therefore no need to wait for the decision of the County Court to file the action against Hancock. The cause of action accrued, if it did, when the fine was paid.

■ Appellant's argument that Hancock's refusal to refund the fine was a continuing wrong and that the cause of action did not accrue until he refused to help her obtain a refund following the county court's order is without merit. The concept of "continuous injury" originated in trespass to land cases and nuisance. *See Creswell Ranch & Cattle Co. v. Scoggins,* 15 Tex.Civ.App. 373, 39 S.W. 612 (1897). It has been since expanded to false imprisonment cases. *See Adler v. Beverly Hills Hospital,* 594 S.W.2d 153 (Tex.Civ.App.— Dallas 1980, no writ). As was pointed out in *Adler,* a continuous tort involves wrongful conduct that is repeated until desisted, while in other cases the wrongful conduct occurs on one day and the suffering occurs thereafter over an extended period of time. *Id.* at 155. In a continuing tort, each day creates a separate cause of action. *Id.*

We hold that Arquette's pleading that Hancock continually refused to refund the money after the conviction was reversed is not sufficient to allege a continuous cause of action. In *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir.1973), it was alleged that a "series of incidents" occurred over a period of time and thus a continuous act occurred. No such pleading is found in the instant case. In *Kittrell v. City of Rockwall, supra,* the plaintiffs in a civil rights suit alleged that the city had wrongfully appropriated their property and that such action had continued until the complaint was filed. The United States Court of Appeals for the Fifth Circuit found the action to be permanent and that the cause of action accrued when the appropriation occurred. We find a strong analogy between *Kittrell* and the case at bar.

■ The wrongful act inherent in Arquette's § 1983 claim is the exacting of a

---

1. Appellant's pleadings, although reciting appellee's failure to refund the monies collected, do not purport to allege this act as a separate cause of action giving rise to damages. In any event, after Hancock collected the fine the transactions and relationship between him and Arquette ceased. There were no ongoing events that could make an initial wrong a continuing wrong. If Hancock later failed to obey the County Court judgment, he committed no overt act, but merely passively failed to correct the situation. Continued deprivation of Arquette's property was relevant only to the damage issue.

fine at a time not authorized by law. The act itself resulted in injury because it deprived her of money. Arquette's cause of action accrued when she paid the fine, the time of the wrongful taking and the same time when facts existed authorizing her to assert a claim for relief. *Linkenhoger v. American Fidelity & Casualty Co.,* 152 Tex. 534, 260 S.W.2d 884 (1953); *Snell v. Short,* 544 F.2d 1289 (5th Cir.1977). Additionally, although Arquette's cause of action would not be one for conversion, in that money generally cannot be converted, *Houston National Bank v. Biber,* 613 S.W.2d 771, 774 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), nor for debt, because there was no agreement, they are sufficiently analogous to offer guidance. In a conversion action, the cause accrues when the property is taken, *Bank of North America v. Kruger,* 551 S.W.2d 63, 67 (Tex.Civ.App. —Houston [1st Dist.] 1977, writ ref'd n.r.e.), irrespective of the length of detention. Likewise, the action for a debt accrues when the money is due and is not extended by a refusal to pay. *Foreman v. Graham,* 363 S.W.2d 371 (Tex.Civ.App.—Beaumont 1963, no writ). We hold that the rule should not be any different in the case at bar. Summary judgment was in order and the judgment of the trial court is affirmed.