# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2013

No. 13-50070
Summary Calendar

Lyle W. Cayce
Clerk

ROWLAND J. MARTIN, JR., Successor in Interest to Moroco Ventures
L.L.C.,

       Plaintiff - Appellant

v.

CHARLES GREHN; RELIANT FINANCIAL INCORPORATED; EDWARD
BRAVENEC, Esq.; THE LAW OFFICE OF MCKNIGHT AND BRAVENEC;
1216 WEST AVENUE INCORPORATED,

       Defendants - Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No: 5:11-CV-414

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rowland Martin appeals the district court's grant of summary judgment
in favor of Charles Grehn, Reliant Financial Incorporated, Edward Bravenec, the
law office of McKnight and Bravenec, and 1216 West Avenue Incorporated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 13-50070

concerning property he lost during his bankruptcy proceedings.  For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

In late 2005, Rowland Martin went bankrupt.  It was in December of that year that he filed for Chapter 13 protection, listing a property at 1216 West Avenue in San Antonio, TX, as an asset.  Several months later, Martin filed for Chapter 11 bankruptcy for his wholly-owned company, Moroco Ventures, L.L.C. ("Moroco").  He listed the West Avenue property again on his schedule of assets.

The property was subject to liens.  One of those liens was a mortgage note that the original grantees assigned to Reliant Financial, Inc. ("Reliant") in 2004. In May 2004, Reliant transferred this note on a servicing-retained basis to Bernhardt Properties I, Ltd.  This transfer was recorded in the real property records of Bexar County, TX, that July.  Meanwhile, Reliant authorized Aegis Mortgage Corporation ("Aegis") as its subservicing agent to take all necessary actions to collect payments on the loan.

The law firm of McKnight and Bravenec, attorneys to Martin, held another lien on the property for unpaid legal fees.  Martin took out this second lien in May 2005.  By December of that year, loan collection efforts failed and Martin and Moroco filed for bankruptcy.

Aegis filed a motion to lift the automatic bankruptcy stay in May of 2006. A hearing was held on Aegis's unopposed motion and the stay was lifted.  Aegis and Martin entered into an agreement on July 31, 2006 for Martin to resume payments on the mortgage.  Aegis filed a notice of stay termination asserting that Martin had "failed to tender the August 1, 2006 post-petition payment." The stay was lifted.

At this point, the law firm of McKnight and Bravenec filed suit to stop

No. 13-50070

Aegis's foreclosure. They asserted that the parties had entered into an agreement allowing them to purchase the first mortgage. They paid off the first lien, and foreclosed on the property on October 3, 2006. Ten days later, Martin filed a third party petition against both the Bravenec firm and Reliant for wrongful foreclosure. On October 30, 2006, the Bexar County district court denied Martin's application for a temporary restraining order and injunction and held that the foreclosure sale was valid on October 30, 2006. The court proceedings, both state and federal, were dismissed. Martin did not appeal.

Over four years later, on October 4, 2010, Martin filed suit in federal district court against Reliant (and Charles Grehn, its owner) and Edward Bravenec (as well as his law office, and a company of his called 1216 West Ave, Inc.) with a laundry list of claims making the same basic point: the sale was wrong and the property should be returned to him. Specifically, Martin alleged that the defendants: 1) committed fraud, 2) breached a fiduciary duty, 3) violated the Fair Debt Collection Practices Act ("FDCPA") and "federal common law wrongful appropriation," 4) violated due process under 42 U.S.C. § 1983, 5) violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C § 1961 ("RICO") (originally couched as violations of the Clayton and the Sherman Acts), and 6) negligently inflicted emotional distress.

They did so, Martin contended, in the following manner: 1) Reliant's agent defrauded him and the bankruptcy court by pretending to be a creditor with standing to enforce the lien note when Reliant had no such standing; 2) Martin's former lawyers tricked him into signing a second mortgage to pay off his debts to them in violation of their fiduciary duties; 3) Reliant made false representations concerning the legal status of his debt by pretending to have standing in violation of the FDCPA; 4) the defendants "avail[ed]" themselves of a "quid pro quo relationship" that lawyer McKnight had with the bankruptcy

No. 13-50070

court judge to somehow hide the fact that a suit in trespass to try title had been filed by the law firm against Reliant; 5) the defendants engaged in a conspiracy to collect unlawful debts in violation of RICO; and 6) these actions left Martin "sorely grieved" at the loss of his "homestead" such that he "suffered mental anguish and emotional distress."

After a series of motions, the district court granted summary judgment for the defendants and against Martin on all claims. Martin appealed.[1]

## STANDARD OF REVIEW

Summary judgment is proper only if the movant establishes that there is no genuine dispute as to any material fact, thus entitling the moving party to judgment as a matter of law. FED. R. CIV. P. 56(a). "We view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor." *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996). But we "may affirm summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003).

## DISCUSSION

*1. Jurisdiction*

Martin argues that the court has jurisdiction over both his appeal from a final decision of the United States District Court under 28 U.S.C. § 1291 and orders from his 2005-2006 bankruptcy cases (case numbers 05-80116 and 06-5029) via the All Writs Act, 28 U.S.C. § 1651.

> [A] party seeking to appeal a bankruptcy court's judgment to a district court has ten days following entry of the bankruptcy court's judgment to

---

[1] Martin has filed three additional motions subsequent to his appellant's brief, including a motion to "strike appellees' brief," a motion to file a reply brief out of time, and a motion to amend. All of these motions have been considered and are denied.

4

file a notice of appeal with the bankruptcy clerk.  Failure to file a notice of appeal timely deprives the district court of jurisdiction to consider that appeal and, in turn, deprives us of jurisdiction to consider an appeal from the ruling of the district court.  Given its jurisdictional nature, this requirement cannot be waived.

*In Re Bayhi*, 528 F.3d 393, 401 (5th Cir. 2008)(footnotes omitted); Fed. R. Bankr.P. 8002(a).

Martin's bankruptcy cases were dismissed on June 20, 2006 and January 8, 2007, and he has presented no evidence of ever having filed a timely appeal. This court has no jurisdiction to review orders of the bankruptcy court that were never appealed correctly.  The great majority of Martin's brief concerns issues he raises about the bankruptcy proceedings.  Since these were never appealed during the appropriate time and to the appropriate court, they are not properly before us and will not be considered.

This court has jurisdiction over the final decision of a federal district court, and affirms the district court's grant of summary judgment for the defendants on the remaining claims.  There is no genuine issue of material fact as to any of these.  Although numerous, they can be divided into those that are time barred, those that fail to produce any evidence on the merits, and those that are based on nonexistent causes of action.

2.  *Time Barred Claims*

Martin's FDCPA, fraud, breach of fiduciary duty, and § 1983 claims are time barred.  Martin argues that the court should apply equitable tolling.  For the reasons outlined below, we disagree.

Claims under the FDCPA must be brought within one year from the "date the violation occurs."  15 U.S.C. § 1692k(d).  Martin's claims of unfair debt collection arise out of allegations from before October of 2006, over four years before he brought the claim.

"In determining the limitations period for a section 1983 claim, we apply

the applicable period provided by state law, in this case the two-year Texas personal injury limitations period." *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993)(citation omitted); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The deprivation of due process Martin complains of is the alleged conspiracy between the state court judge and the parties to take his property. Even if true, all of these claims occurred over four years ago and are time barred.

Claims for fraud and breach of fiduciary duty must be brought within "four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.004(a). The alleged fraud concerned Reliant and Aegis' involvement with the bankruptcy proceedings in July 2006. The alleged breach of fiduciary duty concerned the actions of Martin's lawyers in presumably convincing him to execute a second lien note for his outstanding legal debts in May 2005. Both of these "causes of action" accrued over four years before Martin filed his original complaint on October 4, 2010.

Martin argues that equitable tolling should apply to his claims. As to the claims against Reliant, Martin never raised the issue of equitable tolling at the district court level in six separate responses to Reliant's motion for summary judgment. This court has a "virtually universal practice of refusing to address matters raised for the first time on appeal." *Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 381 (5th Cir. 2012), quoting *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1280 (5th Cir. 1994). The arguments for equitable tolling as to Reliant have only been raised on appeal and will not be considered.

As for equitably tolling the claims against Bravenec, the court applies equitable tolling "sparingly." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Moreover, the plaintiff bears the burden to justify a claim for equitable tolling. *Id.* The continuous tort doctrine is an exception to the Texas statute of limitations and creates a separate cause of action each day. *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (5th Cir. 2007). An act that has a permanent

No. 13-50070

effect is not subject to the continuous tort doctrine because it accrues on the date of occurrence. *See Kittrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir. 1976).

Here, the continuous tort doctrine is inapplicable to Martin's trespass claim because the foreclosure proceeding constituted a permanent act. The foreclosure proceeding ceased on the date that seizure occurred. Accordingly, Martin alleged nothing more than a prior act that continued to inflict injury.

Martin argues that the fraud claim is subject to equitable tolling because Reliant concealed the true owner of the lien note. Generally, equitable tolling requires (1) that the plaintiff pursued his rights diligently and (2) some extraordinary circumstances stood in his way. *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S.Ct. 1414, 1419 (2012). Moreover, the fraudulent concealment doctrine requires that: (1) the defendant concealed the facts at issue; and (2) the plaintiff failed to discover the relevant facts despite the exercise of due diligence. *Texas v. Allan Const. Co.,* 851 F.2d 1526, 1528 (5th Cir. 1988).

The concealment element is satisfied through evidence that either the wrong was self-concealing or that the defendant took affirmative steps to conceal its existence. *Id.* An affirmative act of concealment requires more than mere silence; indeed, the defendant must perform some "trick or contrivance tending to exclude suspicion and prevent inquiry." *Id.* at 1529 (quoting *Crummer Co. v. DuPont,* 255 F.2d 425, 432 (5th Cir. 1958)). Finally, the tolling period ceases when the facts that were fraudulently concealed are, or should have been, discovered by the plaintiff. *Id.* at 1533.

Martin argues that Reliant concealed the true owner of the note and Bravenec concealed a "secret relationship" with the presiding district judge because he contributed to the judge's campaign and another lawyer in his firm, McKnight, practiced law with the judge previously. However, Martin fails to produce any evidence of concealment by the defendants. Reliant recorded the transfer of the note in the property records of Bexar County. Similarly, Martin

7

discovered the alleged improper relationship through widely circulated public sources, such as a newspaper article in which the judge discussed his relationship with McKnight openly. Defendants can hardly be said to have concealed anything, and Martin has presented no evidence that he exercised due diligence to discover well-known facts.

Even assuming *arguendo* that Reliant concealed facts relevant to the FDCPA claim in a manner that would trigger tolling, Martin nevertheless failed to bring a timely claim. There is a one year statute of limitations under the FDCPA. 15 U.S.C. § 1692k(d). Martin admittedly discovered the transfer of the note in August 2007. Accordingly, he should have brought the claim prior to August 2008, but instead filed the claim in October 2010. Therefore, Martin is not entitled to equitable tolling of his claims.

3. *Claims Without Evidence*

The district court properly granted summary judgment to the Reliant defendants on the deprivation of due process claim. Such a claim requires some state action. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972). The fact that Reliant prevailed in the bankruptcy court does not provide the state action required. Martin also alleges a conspiracy between Bravenec and the state court judge, but provides no evidence for this assertion.

The district court properly granted summary judgment for the Reliant defendants on the RICO claims. Martin alleges that the Reliant defendants violated RICO by their participation in his bankruptcy without standing and by conspiring with his former lawyers to collect a debt obtained in breach of a fiduciary duty. As the district court noted, 18 U.S.C. § 1962(c) does not remotely relate to the allegations Martin has made, and his claim for relief was rightly recognized as unfounded.

Even if Martin's fraud claim were not time barred, he failed to present any evidence in support of it.

The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.

*Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010)(citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

The fraud Martin alleges is that Reliant and Aegis represented that they had standing to enforce the lien note on his property. He relied on this representation by agreeing to the lift of the stay order that ultimately allowed for the property to be foreclosed. Reliant and Aegis responded by pointing out that they in fact did have standing. Although they transferred ownership of the note to Bernhard Properties, they retained the obligation to service it.

Martin's argument fails on multiple grounds. He provided no evidence that Reliant and Aegis did not have standing, while Reliant and Aegis produced the contracts that identify their relationships to each other and the property. Martin also fails to show any injury related to this representation. Martin's injuries apparently came about because he repeatedly did not pay his debts. As a result, he lost his land.

### 4. *Nonexistent Claims*

The district court properly granted summary judgment to the defendants on the negligent infliction of emotional distress claim. This tort does not exist in Texas. In Texas, "there is no general duty not to negligently inflict emotional distress." *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993). Likewise, the district court correctly recognized that there was no "federal common law" wrongful

No. 13-50070

appropriation claim.

## CONCLUSION

For the reasons given above, the district court's order granting summary judgment for the defendants is AFFIRMED.