# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20369

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

ROBERT L. WASHINGTON,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1351

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Robert L. Washington, Texas prisoner # 684919, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2) because it was barred by the statute of limitations. Washington alleged that he was forced to participate in a sex offender treatment program when he was released on parole in 2002 after serving a 25-year sentence on a conviction for credit card abuse, despite the fact that his earlier 1969 rape charge was dismissed. Washington has moved for the appointment of counsel on appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20369

Pursuant to Fifth Circuit Rule 42.2, "[i]f upon the hearing of any interlocutory motion . . . it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed." 5TH CIR. R. 42.2; *see also Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997) (noting that in context of a motion for IFP, if the appeal is frivolous, this court may dismiss appeal sua sponte under 5TH CIR. R. 42.2). For the reasons discussed below, we dismiss the appeal and deny the motion for the appointment of counsel.

Washington argues that the statute of limitations did not begin to run until after the last day the violation of his civil rights was committed, which he asserts was on November 18, 2013, when he was finally removed from the sex offender caseload. He contends that his civil rights action, filed on April 6, 2015, was thus filed within two years. Washington's argument is essentially that the continuing tort doctrine should apply.

If it is obvious from the face of the complaint filed *in forma pauperis* that the case is barred by the statute of limitations, the district court can dismiss under § 1915. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The statute of limitations applicable in this case is the two year limitations period used for Texas personal injury claims. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).[1] However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City*

---

[1] The four-year federal residual limitation period does not apply because Washington does not rely on a post-1990 enactment or amendment for his case. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 382 (2004). In any event, the case would also be barred under the four-year statute.

2

No. 15-20369

*of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted).  The plaintiff does not need to know that a legal cause of action exists, but only needs to know the facts that would support a claim.  *Id.* Here, Washington was aware that he was being required to take the class in 2002, some 13 years before he filed this lawsuit.

Washington appears to urge reliance on the continuing tort doctrine, which has been applied by Texas courts of appeals an exception to the statute of limitations in Texas.  *See Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 443 (Tex. App.—Fort Worth 1997, pet. denied) (collecting cases).  Under the continuing tort doctrine, if the wrongful conduct is repeated over a period of time, "each act creates a separate cause of action, and the cause does not accrue, for purposes of limitations, until the misconduct ends."  *Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162 S.W.3d 281, 290 (Tex. App.-- Amarillo 2005, pet. denied).

According to Washington, he was erroneously required to participate in the sex offender classes in July 2002 when he was released on parole.  He alleged that his continuation on the sex offender caseload caused him continuing harm.  These are allegations of continuing *injury* from an action occurring in 2002, not wrongful continuing *conduct*.  *See Arquette v. Hancock*, 656 S.W.2d 627, 629 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.).  He did not allege that TDCJ took any action after 2002.   Accordingly, even assuming arguendo the continuing tort doctrine has applicability in a case like this one, it does not save Washington's civil action.  *See Rogers*, 162 S.W.3d at 290. The district court did not err in dismissing this action.

There is no automatic right to the appointment of counsel in a § 1983 case.  *Jackson v. Dallas Police Dep't.*, 811 F.2d 260, 261 (5th Cir. 1986). Counsel should not be appointed in the absence of "exceptional circumstances"

which are dependent on the type and complexity of the case and the abilities of the individual pursuing that case. *Id*. This is not a complex matter, and as discussed above, Washington's appeal is subject to dismissal. Accordingly, Washington's motion for appointment of counsel is denied.

Washington's appeal is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. The district court's dismissal of Washington's § 1983 complaint under § 1915(e)(2) as lacking an arguable basis in law counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The dismissal of this appeal as frivolous also counts as a strike. *See id*. We caution Washington that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.