# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20426

M GENE MARLIN; OLD NATIONAL BANK

Plaintiffs-Appellants

v.

MOODY NATIONAL BANK N A; MICHAEL S HAZLEWOOD

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-4443

Before JONES, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

In awarding summary judgment to Defendants, the district court, sua sponte, ruled that sanctions would be imposed against Plaintiffs M. Gene Marlin and Old National Bank; subsequently, after ordered filings and a hearing, it set the amount at approximately $640,000. Plaintiffs maintain the sanctions were improper under Federal Rule of Civil Procedure 11, including: the district court's not issuing the requisite show-cause order; and its imposing attorney's fees and costs as sanctions, even though the motion required for imposing that type of monetary sanctions had not been filed. VACATED and REMANDED.

I.

Marlin and Larry Nixon formed Delta Mike, Inc., to broker cranes. Each crane's purchase was financed by banks, including by Old National Bank in Indiana. Nixon bought and resold the cranes; Marlin secured bank financing, guaranteed the bank loans, and split the profits with Nixon.

In 2002, Nixon and Marlin opened an account for Delta Mike at Moody National Bank in Texas, where Nixon also had an account. Marlin soon discovered that Nixon was fraudulently supplying Marlin and Old National with false crane invoices and purchase contracts in order to induce them to wire funds to sham "seller" bank accounts. The funds were instead being routed to Nixon's account at Moody National. (After that discovery, Nixon faked his death, disappeared for months, and was later apprehended. He is not a party to this action.)

On 19 November 2004, Marlin and Old National filed this action against more than 20 defendants, including Moody National and its officer, Michael Hazlewood, claiming violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud, breach of fiduciary duties, conversion, theft, conspiracy, and negligence. On 17 December 2004, pursuant to the district court's order, Plaintiffs filed an amended complaint.

Moody National served a Rule 11 letter on Plaintiffs on 15 April 2005, with an attached proposed motion for sanctions under that rule. Plaintiffs abandoned their claims against all parties except Moody National and Hazlewood (Defendants). The Rule 11 motion was never filed.

On 12 December 2005, Plaintiffs filed their second amended complaint, claiming RICO and common-law conspiracy, and negligence. The district court awarded summary judgment to Defendants on 16 August 2006. (The summary

judgment was affirmed in September 2007. Marlin v. Moody Nat'l Bank, N.A., 248 F. App'x 534 (5th Cir. 2007) (per curiam) (unpublished).)

In awarding summary judgment, the district court also ruled, sua sponte, that Plaintiffs "will pay [Defendants] for the costs that they have imposed—not as punishment but as simple equity". In that regard, on 22 August, the district court ordered Defendants to submit an explanation of their fees and costs.

The ordered fees-and-costs statements were filed on 25 August. Plaintiffs objected on 28 August, asserting, inter alia, that "Rule 11 does not provide a basis for the Court's award of fees". A hearing was held on 19 October.

In May 2007, through its "Opinion on Attorney Fees", the district court entered final judgment, awarding Defendants all fees and costs incurred after 22 April 2005 (seven days after 15 April, when Defendants served Plaintiffs with the above-discussed Rule 11 letter). The court ruled: "Fees [were] not awarded per legal theory; rather, they [were] based on the [P]laintiffs' bad faith". Contradicting its 16 August 2006 ruling, in awarding summary judgment, that the sanctions were "simple equity", the court ruled that it was "assessing sanctions on its own initiative under Fed. R. Civ. P. Rule 11(c)(1)(B)". (Rule 11 was amended in December 2007. The cited Rule 11(c)(1)(B) is now Rule 11(c)(3); it provides: "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)", which concerns representations to the court.) In utilizing Rule 11 as the basis for imposing sanctions on its initiative, the court ruled Defendants had not filed a sanctions motion under that rule. The sanctions totaled $637,547.43.

II.

The district court's ruling that the sanctions were imposed under Rule 11, on its initiative, and only against the Plaintiffs (not their attorneys) cabins our review. In challenging the sua-sponte award of attorney's fees and costs, Plaintiffs assert: their conduct did not constitute a Rule 11 violation; fees and costs may not be imposed, sua sponte, without notice (including a show-cause order); the award violates this court's "snapshot" rule; attorney's fees and other expenses are improper sanctions against a party when they are imposed on the court's initiative, rather than pursuant to a party's motion; and monetary sanctions are improper against a represented party if imposed as a result of legal contentions by that party's attorney.

Rule 11 sanctions are reviewed for abuse of discretion. E.g., Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 871 (5th Cir. 1988) (en banc). A ruling based on legal error or a clearly erroneous assessment of the evidence constitutes such an abuse. E.g., Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 566 (5th Cir. 2006).

In general, Rule 11 sanctions may be imposed only after the "attorney, law firm, or party" receives "notice and a reasonable opportunity to respond". FED. R. CIV. P. 11(c)(1). (Again, citations are to Rule 11 as amended in December 2007. The changes are stylistic only.)

Pursuant to Rule 11(a), pleadings, written motions, and other papers must be signed by an attorney of record, or by a party proceeding pro se. Rule 11(b)(3) provides an attorney or unrepresented party presenting such documents "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely

have evidentiary support after a reasonable opportunity for further investigation or discovery". FED. R. CIV. P. 11(b)(3) (emphasis added). (Rule 11(b)(2), discussed infra, concerns legal contentions.)

Sanctions may be imposed upon a party's motion "made separately from any other motion"; the motion "must describe the specific conduct that allegedly violates Rule 11(b)". FED. R. CIV. P. 11(c)(2). "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected[, inter alia,] within 21 days after service". Id. Alternatively, "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)". FED. R. CIV. P. 11(c)(3) (emphasis added).

Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation". FED. R. CIV. P. 11(c)(4) (emphasis added).

Monetary sanctions may not be imposed against a represented party, as are Plaintiffs, for violation of Rule 11(b)(2) (requiring legal contentions to be warranted, inter alia, by existing law). FED. R. CIV. P. 11(c)(5)(A). Nor may they be imposed by a sua sponte order, as is the situation here, "unless [the court] issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned". FED. R. CIV. P. 11(c)(5)(B).

A.

The district court failed in several instances to comply with the mandatory procedure set by Rule 11. Each of those instances constitutes an abuse of discretion, requiring the sanctions to be vacated and this matter to be remanded to district court for proceedings consistent with this opinion and Rule 11.

1.

Although Moody National served Plaintiffs with a Rule 11 letter requesting the dismissal of all claims, the attached motion was never filed. It was not until the summary judgment was granted that, as part of that order, the district court, on its initiative, ruled it would impose costs "as simple equity", and, soon thereafter, ordered Defendants to submit their fees-and-costs statements. Therefore, contrary to Rule 11, the district court did not "determine[] that Rule 11(b) ha[d] been violated" "after [first giving Plaintiffs] notice and a reasonable opportunity to respond". FED. R. CIV. P. 11(c)(1) (emphasis added).

Instead, it improperly reversed the procedure that must be followed under Rule 11. In awarding summary judgment, it ruled, sua sponte, without providing an opportunity for any response by Plaintiffs, that sanctions would be imposed; only then did it order Defendants to provide an explanation of their fees and costs, to which Plaintiffs objected, and hold a hearing. This alone constituted an abuse of discretion. "[I]mposing Rule 11[] sanctions without notice and hearing would constitute an abuse of discretion by the district court". Goldin v. Bartholow, 166 F.3d 710, 722 (5th Cir. 1999).

2.

In order to bypass some of Rule 11's restrictions, Defendants urge construing their after-the-fact fees-and-costs statements as motions for sanctions. Rule 11, however, is clear: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)". FED. R. CIV. P. 11(c)(2). The fees-and-costs statements are neither styled as motions, nor do they describe with specificity the alleged deficient conduct. Moreover, as discussed above, the district court had already ruled sanctions would be imposed. In any event, in its May 2007 amount-of-sanctions opinion, the district court ruled: no motion had been filed by Defendants; and, consistent with the alternative method under Rule 11, it was "assessing sanctions on its own initiative under . . . Rule 11 . . . ."

As discussed, although sanctions may be awarded on the court's initiative, it is required first to "order [the] attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)". FED. R. CIV. P. 11(c)(3). The district court, however, did not issue the required show-cause order. As a result, this is another reason why the sanctions constituted an abuse of discretion. See Thornton v. Gen. Motors Corp., 136 F.3d 450, 455 (5th Cir. 1998) (per curiam) (holding district court's sua sponte award of sanctions was abuse-of-discretion where court failed to comply with show-cause order requirement).

3.

Additionally, Rule 11 limits the types of sanctions that may be imposed:

> The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

7

FED. R. CIV. P. 11(c)(4) (emphasis added). The rule's clear language allows for an award of attorney's fees and other expenses only "if imposed on motion". Id.; see also Thornton, 136 F.3d at 455 ("[W]here sanctions are imposed under Rule 11[] by a district court on its own initiative . . . the award of attorney's fees . . . [does not] constitute a valid sanction. Specifically, an award of attorney's fees is authorized only 'if imposed on motion and warranted for effective deterrence'". (quoting FED. R. CIV. P. 11)); FED. R. CIV. P. 11 advisory committee's note to the 1993 Amendments (clarifying that the rule "provides that a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court").

Sanctions imposed on the district court's initiative, as in this instance, are limited to nonmonetary sanctions or a monetary penalty payable to the court. FED. R. CIV. P. 11(c)(4). Therefore, this is yet another basis for the sanctions constituting an abuse of discretion.

4.

Contrary to Defendants' contention, there has been neither waiver nor forfeiture of Plaintiffs' right on appeal to contest the sanctions. As discussed, the district court ordered sanctions on its initiative; but, contrary to Rule 11(c)(3) and (c)(5)(B), it did so without first ordering Plaintiffs to show cause why they should not be imposed. It then ordered Defendants to present their fees and costs as part of the process for determining the amount of the already-imposed sanctions.

Therefore, when Plaintiffs filed their objection to those fees-and-costs filings, the only true outstanding issue was the amount of the sanctions, not

whether they should be imposed. The district court had already ruled, sua sponte, that they would be imposed.

In response to the fees-and-costs statements, Plaintiffs objected to the imposition of such sanctions. They were not required to have done more. Obviously, they had no opportunity to object to sanctions when, in its order awarding summary judgment, the district court, without notice, ruled, sua sponte, that they would be imposed. See FED. R. CIV. P. 46 ("Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.").

## B.

Plaintiffs also maintain the monetary sanctions against a party, rather than counsel, for perceived legal deficiencies in their claims, or other legal contentions, is improper under Rule 11. The district court stated instead that the sanctions were imposed because the complaint lacked factual support. While monetary sanctions are improper against a party for a violation of Rule 11(b)(2) (requiring "legal contentions [to be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"), they may be awarded against a party when a court determines factual contentions lacked evidentiary support. See FED. R. CIV. P. 11(c)(5)(A); Skidmore Energy, 455 F.3d at 568 (disposing of identical issue).

In so ruling, we express no opinion on whether Plaintiffs' complaint lacked sufficient factual support, or the prospect of sufficient support following discovery, for Rule 11 purposes. That is an issue that must be addressed again on remand.

## C.

As held, the sanctions are vacated and this matter remanded for proceedings that comply with Rule 11. Our remanding this matter for imposition, vel non, of sanctions against Plaintiffs is certainly not an exercise in futility; compliance with Rule 11 is not optional.

1.

Obviously, it is far too late in the day for Defendants to file a Rule 11 motion. Therefore, on remand, the district court must adhere to Rule 11's restrictions on sanctions imposed on the court's initiative. It must issue the required show-cause order. Additionally, any award against Plaintiffs must be limited to a nonmonetary directive or paying a penalty into the court.

2.

Moreover, when deciding whether sanctions are appropriate, as well as the date from which sanctions, if any, should be imposed, the district court must adhere to our court's well-established "snapshot rule", which "ensures that Rule 11 liability is assessed only for a violation existing at the moment of filing". Skidmore Energy, 455 F.3d at 570; see also Thomas, 836 F.2d at 874 ("Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document.").

III.

For the foregoing reasons, the sanctions are VACATED and this matter is REMANDED for further proceedings consistent with this opinion and Rule 11.

VACATED and REMANDED.