# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40649

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2014

Lyle W. Cayce
Clerk

WARD ARNOLD; ANDREA ARNOLD,

> Plaintiffs - Appellants

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, also known as Fannie Mae; BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P.; JERRY FISHER, Constable Precinct 8, Galveston County, Texas; MERS, INCORPORATED; TOMMY BASTIAN; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.; CARL GILSON,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:13-CV-101

Before JOLLY, GARZA, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This appeal involves Ward and Andrea Arnolds' claims against Federal National Mortgage Association and others (collectively the "Defendants") all arising from a foreclosure on their home in Texas. The Arnolds executed a promissory note, secured by a deed of trust, in an amount payable to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40649

Countrywide Home Loans, Inc., to which Bank of America, N.A. is the successor by merger. The Arnolds defaulted on the loan and it was purchased at a foreclosure sale. The Arnolds brought a host of meritless claims against the Defendants who were involved in both the servicing of the loan and the foreclosure on the home. The litigation ended after the district court issued a final judgment that granted summary judgment in favor of the Defendants and sanctioned both the Arnolds and their counsel Jeffrey Kelly. Having fully reviewed the record on appeal, we AFFIRM the district court's judgment for the Defendants on the merits of the claims, but VACATE the portion of the judgment awarding attorneys' fees and REMAND for further proceedings on that issue. The district court abused its discretion in awarding sanctions, jointly and severally against the Arnolds and Kelly, without properly articulating its basis for doing so and without making the required findings of fact.

## I.

At the initial conference in this case, the district court explicitly warned the Arnolds and their original counsel that it believed their claims lacked any merit and that if they chose to continue to prosecute their suit they might face sanctions. Nevertheless, the Arnolds continued on with their suit and their original counsel withdrew. Kelly replaced the original counsel and during a contentious pretrial conference the Arnolds requested to file an amended complaint. The judge impliedly denied their request and instead ordered that the Arnolds respond to a summary judgment motion previously filed by the Defendants. The Arnolds responded to the motion, yet also filed the amended complaint without leave of the court. Following a later hearing on the Defendants' motion for summary judgment, the district court issued a final judgment which granted Federal National Mortgage Association possession of the home, ordered the Arnolds to vacate the home, and *sua sponte* sanctioned

2

No. 13-40649

the Arnolds and Kelly $7,500, an amount for which they were made jointly and severally liable. The award was calculated at the parties' summary judgment hearing based upon the Defendants' counsel's rough estimation of the resultant attorneys' fees in defending against the Arnolds' claims.

The district court's final judgment, however, does not state the legal basis for its imposition of sanctions.[1] Over a span of several conferences and hearings, the court only briefly mentioned both Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, but never made mention of them in detail. To further complicate this matter, the respective parties on appeal have viewed and briefed the issue of sanctions differently. The Arnolds construe the sanctions as arising under Rule 11, while the Defendants construe them as arising under the district court's inherent powers; neither party addresses 28 U.S.C. § 1927.

The district court's imposition of sanctions may be reviewed under either Rule 11, 28 U.S.C. § 1927, or its inherent powers for an abuse of discretion. *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 263 (5th Cir. 2007) (for sanctions pursuant to Rule 11); *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007) (for sanctions pursuant to 28 U.S.C. § 1927); *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998) (for sanctions under a court's inherent powers). We cannot, however, be left to guess at the basis for the sanctions in this case. Each possible basis for the sanctions has differing legal considerations. For instance, a district court may not impose sanctions under Rule 11 by *sua sponte* order unless "the court issue[s] [a] show-cause order under Rule 11(c)(3)." *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 378 (5th Cir. 2008) (citing Fed. R. Civ. P. 11(c)(5)(B)). On the other hand,

---

[1] It states only that "[t]he Arnolds and their lawyer–Jeffrey Kelly–are jointly and severally liable for the defendants' attorneys' fees of $7,500."

No. 13-40649

sanctions under a court's inherent powers require a "specific finding that the [party] acted in bad faith." *Crowe v. Smith*, 151 F.3d at 236. If sanctions are imposed under 28 U.S.C. § 1927, a "district court must make detailed factual findings." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014) (citation omitted). Additionally, other steps must be taken under § 1927; the court must "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." *Id.* at 872. The final judgment here does not meet the requirements under any of the three possible bases for sanctions in this case.

## II.

Here, the order fails to articulate the basis for the sanctions and fails to follow the proper procedure and analysis for their imposition. These inadequacies constitute an abuse of the district court's discretion. We do not express any opinion on the merits of the sanctions; we only hold that the district court abused its discretion by failing to adequately articulate the authority, the basis, and the reasoning for the sanctions. The district court did not, however, err in granting the Defendants' motion for summary judgment on the merits of this case. In sum, we AFFIRM the district court's final judgment on the merits, but VACATE and REMAND solely on the issue of sanctions so that the district court can state its basis for sanctions and follow the proper legal steps in issuing them.[2]

---

[2] *See* 5th Cir. R. 47.6 (allowing a judgment or order to be affirmed or enforced without opinion in certain circumstances).