# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2015

No. 14-50093
Summary Calendar

Lyle W. Cayce
Clerk

ROWLAND J. MARTIN, JR., Successor in Interest to Moroco Ventures L.L.C.,

Plaintiff-Appellant

v.

EDWARD BRAVENEC, Esquire; LAW OFFICE OF MCKNIGHT AND BRAVENEC; 1216 WEST AVENUE, INCORPORATED,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-414

Before JOLLY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rowland J. Martin, Jr., proceeding pro se, appeals orders of the district court awarding attorney's fees to Edward Bravenec, the Law Office of McKnight and Bravenec, and 1216 West Avenue, Incorporated, under FED. R. CIV. P. 11, and striking his pleadings opposing an award of fees.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Edward Bravenec, the Law Office of McKnight and Bravenec, and 1216 West Avenue, Incorporated will be referred to collectively as Bravenec.

No. 14-50093

In 2010, Martin filed a pro se complaint against Bravenec and other entities alleging multiple causes of action predicated upon a foreclosure dispute. Bravenec filed a motion for summary judgment that included a request for sanctions. The district court granted summary judgment to Bravenec but declined to impose the sanctions requested because Bravenec failed to comply with the procedural requirements of FED. R. CIV. P. 11(c)(2). However, the district court sua sponte ordered Martin to show cause why financial sanctions should not be imposed. Believing that Martin failed to comply with the show cause order, the district court entered an order directing the clerk of court not to accept additional motions or complaints from Martin without the court's permission. On appeal, we affirmed the entry of summary judgment but did not address the issue of sanctions, as it was not before the court. *See Martin v. Grehn*, 546 F. App'x 415 (5th Cir. 2013).

After this Court's opinion issued, Bravenec moved the district court to expunge a lis pendens lien Martin filed that alleged that the disputed property was subject to ongoing litigation in federal court. The district court granted the motion, and the lien was expunged. Because this Court had not issued the mandate in Martin's appeal, he filed a new lis pendens lien asserting anew that the disputed property was subject to ongoing litigation in federal court, which lead Bravenec to file a motion for sanctions under FED. R. CIV. P. 11 and TEX. R. CIV. P. 65. Bravenec asked the district court to impose a term of confinement or, alternatively, award attorney's fees in the amount of $10,000. Without holding a hearing or ordering a response from Martin, the district court entered an order on December 5, 2013, denying the request for confinement and granting the request for attorney's fees. The district court concluded that it was appropriate to award Bravenec attorney's fees because the district court previously found that Martin violated FED. R. CIV. P. 11(b)(1),

No. 14-50093

(2) and Martin failed to respond to the district court's show cause order. However, rather than grant Bravenec $10,000 as requested, the district court ordered Bravenec to file a supplemental motion setting forth the fees actually incurred during the litigation.  Upon receipt of Bravenec's supplemental motion, the district court determined that Bravenec incurred $7,710 in fees and entered an order on December 27, 2014, awarding that amount to Bravenec.  Martin attempted to object to the original and supplemental motions for attorney's fees on two separate occasions.  However, the first set of pleadings was entered on the docket after the district court's December 5, 2013, order issued, and the district court ordered the second set of pleadings stricken on December 30, 2013, on the grounds that the pleadings violated the no filing sanction previously imposed.

On January 27, 2014, Martin noticed his intention to appeal the district court's orders granting attorney's fees, affixing the amount of fees to be awarded, and striking his objections.  Martin makes two arguments on appeal. First, the district court plainly erred in not exercising supplemental jurisdiction under *Sampliner v. Motion Picture Patents Co.*, 255 F. 242 (2d Cir. 1918), *rev'd on other grounds*, 254 U.S. 233 (1920), and applying Texas law to adjudicate his claims against Bravenec.  Second, the district court abused its discretion in awarding Bravenec attorney's fees under Rule 11.

This Court exercises jurisdiction under 28 U.S.C. § 1291, which provides for an appeal from final orders of the district court.  *See Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 130-32 (5th Cir. 1993).  The district court's order awarding attorney's fees under Rule 11 is not final until the amount to be awarded is determined.  *Id.* at 131.  In this case, the order affixing attorney's fees entered on December 27, 2013, and Martin timely filed

3

his notice of appeal on Monday, January 27, 2014. *See* FED. R. APP. P. 4(a)(1)(A).

With respect to the first issue, Martin appears to challenge the district court's entry of summary judgment against Bravenec on the ground that summary judgment would have been improper if the district court correctly exercised supplemental jurisdiction and applied Texas law to the adjudication of his claims. However, this Court previously affirmed the district court's grant of summary judgment, and Martin does not explain why he did not or could not raise the arguments asserted now in his earlier appeal of the judgment. Thus, this issue is without merit. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 607-08 (5th Cir. 2004) (reiterating that a party cannot raise an issue on appeal that could have been raised in an earlier appeal in the same case). To the extent that this claim was raised below, it was properly denied.

Turning to the second issue, the district court may sanction a party, including a pro se litigant, under Rule 11 if it finds that the litigant filed a pleading for an improper purpose or that the pleading was frivolous. *See* FED. R. CIV. P. 11(b) & (c); *Whittington v. Lynaugh*, 842 F.2d 818, 820-21 (5th Cir. 1988). Sanctions may be imposed upon a party's motion if the motion is "made separately from any other motion," the motion describes the specific conduct that allegedly violates Rule 11(b), and the motion is served on the party to be sanctioned 21 days before it is filed in district court. *See Marlin v. Moody National Bank, N.A.*, 533 F.3d 374, 378 (5th Cir. 2008) (citing FED. R. CIV. P. 11(c)(2)). Alternatively, the court may sua sponte order a party to show cause why conduct specifically described in the order has not violated Rule 11(b). *See id.* (citing FED. R. CIV. P. 11(c)(3)). Although the district court need not hold a hearing, it must provide the litigant notice of the proposed sanctions and the opportunity to be heard to satisfy Rule 11 and the Due Process Clause.

No. 14-50093

*See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191-92 (5th Cir. 1996). The court reviews an award of sanctions under Rule 11 for abuse of discretion. *See Marlin,* 533 F.3d at 377. A district court "necessarily abuses its discretion in imposing sanctions if it bases its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Elliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995).

In this case, the district court award of attorney's fees fails to comport with the requirements of Rule 11 and denied Martin due process. First, the district court erroneously found that Martin did not respond to its show cause order from 2012. In fact, Martin did respond, albeit inarticulately, on January 11, 2013, and January 14, 2013. Next, the district court appears to have granted Bravenec's motion for attorney's fees without considering Martin's objections and motions for reconsideration. The district court's original order granting the motion entered on the docket prior to Martin's objections and fails to acknowledge the objections. Likewise, the final order assessing the amount to be paid also fails to reference Martin's December 5, 2013, pleadings and was entered before Martin's December 27, 2013, objections and motion for reconsideration, which the district court ordered stricken.

Although the district court may properly enjoin vexatious litigation and sanction the same, it may not exercise its authority in a manner that deprives a litigant of his constitutional rights. *See Qureshi v. United States*, 600 F.3d 523, 525-26 (5th Cir. 2010). Thus, the district court abused its discretion when it struck Martin's objections. Notably, Martin withdrew the lis pendens lien of which Bravenec complained upon receiving Bravenec's motion for sanctions and filed a subsequent lis pendens lien that referenced only state court litigation. That is the purpose of the 21-day "safe harbor" provision: to provide a litigant the opportunity to withdraw challenged pleadings and thereby avoid

sanctions. *See In re Pratt*, 524 F.3d 580, 586-87 (5th Cir. 2008). Finally, Bravenec suggested below that the district court's December 2012 show cause order satisfied the "safe harbor" provision but cited no authority to support that assertion, and this court has strictly construed the requirements of FED. R. CIV. P. 11(c)(2). *See, e.g., Pratt*, 524 F.3d at 586-87; *Marlin*, 533 F.3d at 378-79; *Brunig v. Clark*, 560 F.3d 292, 298 n.20 (5th Cir. 2009). Because Bravenec did not comply with the safe harbor provision, the district court is deemed to have awarded the attorney's fees on its own motion, which is improper under Rule 11. *See Marlin*, 533 F.3d at 379; *Brunig*, 560 F.3d at 298. As this Court explained in *Marlin*, sanctions awarded on the court's initiative under Rule 11 "are limited to nonmonetary sanctions or a monetary penalty paid to the court." *See* 533 F.3d at 379.

AFFIRMED in part, VACATED in part, and REMANDED. Martin's motion to strike Bravenec's brief is DENIED. Martin's other motions are DENIED AS MOOT.