# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11249

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2015

Lyle W. Cayce
Clerk

SHERYL BARRETT-BOWIE,

Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INCORPORATED,

Defendant – Appellee,

v.

J.B. PEACOCK, JR.; GAGNON, PEACOCK & VEREEKE, P.C.,

Appellants.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4343

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

J.B. Peacock, Jr. and Gagnon, Peacock & Vereeke, P.C. appeal the district court's Rule 11 sanction order reprimanding them for submitting

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pleadings that contained factual allegations that Appellants knew were false. Because the district court did not abuse its discretion in determining that Appellants had not withdrawn the false allegations, we AFFIRM.

Appellants represented Plaintiff Sheryl Barrett-Bowie in a lawsuit seeking to avoid eviction following foreclosure on Barrett-Bowie's home.[1] After a series of assignments and indorsements, Barrett-Bowie's mortgage note had been indorsed to PNC Bank, NA, with Select Portfolio Servicing, Inc. (Select Portfolio) acting as the loan servicer. In this suit, Barrett-Bowie alleged, *inter alia*, claims for unreasonable debt collection, violation of the Texas Debt Collections Practices Act, and negligent misrepresentation. These three claims—referred to by the parties as the "show-me-the-note" claims—were premised in part on allegations that Select Portfolio and PNC Bank had not adequately proved that PNC Bank was the noteholder.

During the discovery conference, an attorney representing Select Portfolio showed an attorney employed by Gagnon, Peacock & Vereeke, P.C. (the Firm) the original blue ink note signed by Barrett-Bowie. The Firm's attorney acknowledged that the note was indorsed from the original lender to First Franklin Financial Corporation and from First Franklin Financial Corporation to PNC Bank. The Firm's attorney retained a copy of the original note and reported what she had seen to her colleagues at the Firm. Nevertheless, after the discovery conference, Peacock signed and filed two amended complaints alleging that PNC Bank did not own or hold the note.

Select Portfolio moved for summary judgment on all of Barrett-Bowie's claims, arguing, among other things, that Barrett-Bowie's show-me-the-note claims failed because the note was "indorsed to PNC in an unbroken chain of

---

[1] This lawsuit followed two separate post-foreclosure state court suits and Barrett-Bowie's Chapter 7 bankruptcy proceedings.

indorsements from the original lender." The motion for summary judgment argued that Sentry Portfolio had shown Appellants the note on multiple occasions and that Barrett-Bowie admitted that PNC Bank was the noteholder but had not amended or dismissed any claims based on its contention to the contrary. In Barrett-Bowie's response, Appellants did not specifically address the show-me-the-note claims, but argued that "[s]ummary judgment is improper in this case because there are genuine issues of material fact on elements in each of Plaintiff's remaining causes of action" and urged that the motion for summary judgment be denied "in its entirety."

After Appellants filed their response but before the district court ruled on the motion for summary judgment, Select Portfolio served Appellants with a copy of its proposed motion for Rule 11 sanctions based in part on Appellants' continuing to allege the frivolous show-me-the-note claims after having seen the original note. Appellants responded to Select Portfolio that they had voluntarily withdrawn the show-me-the-note claims by not addressing them in their opposition to Select Portfolio's summary judgment motion. At no time before Select Portfolio filed its sanctions motion, however, did Appellants represent to the district court that they were withdrawing the show-me-the-note claims.

Sentry Select filed its Rule 11 motion for sanctions, which the district court granted in accordance with the magistrate judge's recommendation. The district court reprimanded Appellants "for filing pleadings containing baseless factual allegations," and admonished them to refrain from engaging in such conduct in the future. The district court also denied Appellants' subsequent motion for reconsideration. This appeal followed.

We review the district court's imposition of sanctions under Rule 11 for abuse of discretion. *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 377 (5th Cir. 2008). Rule 11 provides that by signing and submitting a pleading to the

court, an attorney represents that, among other things, "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The moving party must serve the non-moving party with a proposed motion for sanctions at least twenty-one days before filing it with the court, and the motion may not be filed if the non-moving party withdraws or corrects the challenged claim during that "safe harbor" period. Fed. R. Civ. P. 11(c)(2); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

It is undisputed that Appellants filed two amended pleadings alleging that PNC Bank did not own or hold the note after Appellants had seen the original note indorsed to PNC Bank.[2] Accordingly, the district court did not abuse its discretion in determining that Appellants violated Rule 11.

However, Appellants dispute the district court's finding that Appellants had not affirmatively withdrawn the show-me-the-note claims during the "safe harbor" period. Appellants argue that they abandoned the show-me-the-note claims by not making specific arguments in defense of those claims as part of their opposition to Select Portfolio's motion for summary judgment. Appellants cite no authority for the proposition that abandoning a claim for summary judgment purposes is the equivalent of withdrawing or correcting the claim under Rule 11. Regardless, Appellants in this case did not merely fail to affirmatively indicate to the district court that they intended to withdraw the

---

[2] Appellants argue that the law at the time they filed the pleadings supported their argument that the note was unenforceable, but the enforceability of the note as a matter of law does not impact PNC's undisputed ownership of the note, which Appellants' pleadings denied.

No. 14-11249

show-me-the-note claims; they also urged the court to deny Select Portfolio's motion "in its entirety" and argued that genuine issues of material fact existed "on elements in each of Plaintiff's remaining causes of action." Although on this record the district court could have determined that Appellants acted in good faith, believing they had withdrawn their baseless show-me-the-note claims,[3] the district court did not abuse its discretion in finding that Appellants had not withdrawn the claims before Select Portfolio filed its Rule 11 motion for sanctions.

Because the district court did not abuse its discretion in granting Select Portfolio's motion for sanctions, we do not reach Appellants' challenge to the district court's inherent power to issue the sanctions *sua sponte*.

We AFFIRM.

---

[3] We note also that the record—particularly Select Portfolio's delivery of the proposed Rule 11 motion to Appellants one day before mediation and Appellants' letter in response threatening a counter-motion for sanctions—supports the inference that both sides engaged in gamesmanship.

5