NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROWLAND J. MARTIN, JR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1810

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01987-EDK, Chief Judge Elaine Kaplan.

---

Decided: February 10, 2023

---

ROWLAND J. MARTIN, JR., San Antonio, TX, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before STOLL, SCHALL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Rowland J. Martin, Jr. appeals from two orders of the United States Court of Federal Claims, the first dismissing his complaint for lack of subject matter jurisdiction and the second denying his motions for leave to file an amended complaint and for modification of the judgment. For the below reasons, we affirm.

## BACKGROUND

In 2010, Mr. Martin filed a *pro se* complaint against various parties in the United States District Court for the Western District of Texas. *See Martin v. Grehn*, 546 F. App'x 415, 418 (5th Cir. 2013). The dispute giving rise to this complaint began in 2005, when Mr. Martin filed for bankruptcy protection and listed among his assets a property in San Antonio, Texas. Several entities held liens on this property, including the law firm of McKnight and Bravenec, which held a lien for unpaid legal fees. In 2006, the law firm paid the lien, claimed title to the property, and foreclosed. In response, Mr. Martin sued, among others, Edward Bravenec of the McKnight and Bravenec firm, seeking the return of his property. The court ultimately granted summary judgment for the defendants, and the Fifth Circuit affirmed. *Id.* at 417.

During the pendency of that lawsuit, Mr. Martin filed a *lis pendens* lien against the disputed property, alleging that the property was subject to ongoing litigation in federal court. *Martin v. Bravenec*, 627 F. App'x 310, 311 (5th Cir. 2015). After the Fifth Circuit affirmed the suit's dismissal, Mr. Bravenec moved to expunge this lien, and the district court granted that motion. Mr. Martin then filed a new *lis pendens* lien, asserting that the property remained subject to ongoing litigation because the Fifth Circuit had not yet issued its mandate. Mr. Bravenec moved for sanctions. Without holding a hearing or ordering a response from Mr. Martin, the district court granted the motion and awarded Mr. Bravenec attorneys' fees.

Mr. Martin appealed the sanctions order, and the Fifth Circuit reversed, holding that the district court had not afforded Mr. Martin due process before imposing the sanctions. *Id.* at 313.

We now come to the complaint at issue in this appeal. In 2021, Mr. Martin filed a *pro se* complaint at the Court of Federal Claims, alleging that the sanctions decision of the U.S. District Court of the Western District of Texas—which had been reversed by the Fifth Circuit—entitled him to monetary damages. *See, e.g.*, SAppx.[1] 1–2 ¶¶ 1–3; *see also, e.g.*, SAppx. 12 ¶ 36 (alleging a "violation of constitutional rights that the Fifth Circuit vacated by its 2015 decree"). The Court of Federal Claims liberally construed Mr. Martin's complaint to include several categories of claims but concluded it did not have jurisdiction to hear any of them. Accordingly, in March 2022, the trial court granted the government's motion to dismiss. SAppx. 22–29; *Martin v. United States*, No. 21-1987C, 2022 WL 793142 (Fed. Cl. Mar. 15, 2022). The trial court also noted that in his complaint, Mr. Martin requested that the court appoint a special master. The court denied that request, explaining that Mr. Martin had not identified an "exceptional condition" that would require the appointment of a special master. SAppx. 28 (citing R. Ct. Fed. Cl. 53(a)(1)).

Subsequently, Mr. Martin filed a motion seeking to file an amended complaint and to modify the court's judgment, expressly relying on Rules 15(b)(2) and 59 of the Rules of the Court of Federal Claims (RCFC). SAppx. 31–41. In an April 2022 order, the trial court denied this motion. SAppx. 43–48; *Martin v. United States*, No. 21-1987C, 2022 WL 1154139 (Fed. Cl. Apr. 18, 2022). In that order, the court explained that Rule 15(b)(2), which applies to "amendments during and after trial," provided no basis to

---

[1] "SAppx." refers to the supplemental appendix filed by the Government.

amend the complaint because there had been no trial. SAppx. 44–45. Regarding Rule 59, the trial court explained that Mr. Martin would have had to demonstrate an intervening change in controlling law, newly discovered evidence, or a manifest error of law or mistake of fact in the court's prior decision to dismiss. The trial court determined that Mr. Martin's motion did not meet this standard. Accordingly, the trial court concluded there was no basis to reconsider its March 2022 order.

Mr. Martin appeals the March 2022 order dismissing his complaint and the April 2022 order denying his motion. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal of a complaint for lack of subject-matter jurisdiction de novo. *Creative Mgmt. Servs., LLC v. United States*, 989 F.3d 955, 961 (Fed. Cir. 2021). We construe *pro se* filings like Mr. Martin's liberally, but that does not alleviate Mr. Martin's burden to establish jurisdiction. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Kelly v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

We review the denial of a motion for leave to amend the complaint, as well as the denial of a motion for reconsideration, for an abuse of discretion. *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007). The trial court abuses its discretion when it "misunderstands or misapplies the relevant law or makes clearly erroneous findings of fact." *Id.*

On appeal, Mr. Martin argues that the trial court (1) improperly dismissed his complaint and (2) abused its discretion in denying his motion to amend and for reconsideration. *See generally* Appellant's Br. 15–18, 27–28. We address each of these in turn.

We turn first to the court's determination to dismiss Mr. Martin's complaint for lack of subject matter

jurisdiction. The Court of Federal Claims is a court of limited jurisdiction, meaning it can only hear certain types of legal claims. Specifically, the Court of Federal Claims is primarily authorized to hear money claims founded upon the Constitution, federal statutes, executive regulations, or contracts with the United States. For example, the court has jurisdiction over claims for just compensation for the taking of private property under the Fifth Amendment, requests for the refund of federal taxes, claims regarding military and civilian pay, and claims for damages for the government's breaches of contract. The court also has jurisdiction over bid protests involving government contracts, vaccine compensation, claims of patent and copyright infringement against the United States, and certain suits brought by Indian tribes.

To show jurisdiction, plaintiffs at the Court of Federal Claims must identify a contract or a source of substantive law (such as a constitutional provision, federal statute, or agency regulation) that provides a right to money damages. 28 U.S.C. § 1491(a)(1); *see Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004). The source of law must be "money-mandating," i.e., it must mandate compensation by the government. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). A plaintiff cannot establish jurisdiction in the Court of Federal Claims through only vague, conclusory, or unsupported assertions. *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

The court's limited jurisdiction means that it cannot hear many types of claims. For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals, even individuals alleged to be federal officials. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

The Court of Federal Claims also cannot review the decisions of other federal courts, including federal district courts. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). And unlike district courts, the Court of Federal Claims can neither hear claims involving allegedly criminal or tortious actions, § 1491(a)(1), nor claims arising under the civil rights statutes, 42 U.S.C. § 1988(a) (stating that jurisdiction over civil rights claims is "conferred on the district courts"). Similarly, claims challenging certain agency decisions, including decisions of the Federal Communications Commission (FCC), may not be brought before the Court of Federal Claims. *See, e.g.*, 28 U.S.C. § 2342 (explaining that challenges to FCC decisions can only be brought in certain courts).

While the Court of Federal Claims can review certain contractual claims, *see* § 1491(a)(1), jurisdiction requires a non-frivolous allegation that an express or implied-in-fact contract exists. *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) ("To show jurisdiction in the Court of Federal Claims, [a plaintiff] must show that either an express or implied-in-fact contract underlies its claim."). Simply citing to various Constitutional Amendments or Articles, without more, is insufficient for a plaintiff to establish the existence of a contract for jurisdictional purposes. *See, e.g.*, *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) (rejecting the argument that the Constitution was a contract with plaintiff). Further, the Constitution is not itself a money-mandating source of law that would grant jurisdiction to the Court of Federal Claims. *See, e.g.*, *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (explaining that the First Amendment is not money-mandating).

In this case, the Court of Federal Claims construed Mr. Martin's complaint and subsequent filings as asserting the following claims: (1) challenges to the district court's sanctions order; (2) claims against Mr. Bravenec; (3) allegations that the district court's actions were criminal or

tortious; (4) a claim for breach of contract based on the Constitution; (5) various claims under Article I of the Constitution as well as the First, Fourth, Fifth, Tenth, and Thirteenth Amendments; (6) various claims under civil rights statutes; (7) a claim under 47 U.S.C. § 151, the statute which established the FCC; and (8) various claims brought under unspecified "norms of judicial and governmental conduct," "treaty covenants," "the customary international law of human rights," and "the law of nations," SAppx. 3, ¶ 6. *Martin*, 2022 WL 793142, at *3–5. On appeal, Mr. Martin reasserts these claims and also raises a few new claims: (1) a "purchase money lien claim," Appellant's Br. 40; (2) an assertion that the district court's vacated sanctions order "violat[ed] . . . the American Rule on court costs," *id.* at 18, 40–42, 45, 49, 57; and (3) a claim under 28 U.S.C. § 1491(a)(2), *id.* at 18.

As we explained above, the Court of Federal Claims can only hear certain types of claims. Here, even broadly interpreting Mr. Martin's complaint, the Court of Federal Claims determined none of his arguments were of the type that the court has the power to adjudicate, and thus that it was required to dismiss his complaint. Because each of Mr. Martin's allegations are of the type over which the Court of Federal Claims lacks jurisdiction, we affirm. Specifically, upon review of Mr. Martin's complaint, most of his claims—like those against an individual, alleging criminal or tortious behavior, the violation of civil rights statutes, or challenging the district court's or the FCC's decisions—are explicitly excluded from the Court of Federal Claims' jurisdiction. The remainder of Mr. Martin's claims are vague, conclusory, and unsupported, i.e., are not pled with sufficient specificity to show that the court had jurisdiction. *Bradley*, 136 F.3d at 1322. We see no error in the trial court's determination that each of Mr. Martin's claims was outside its jurisdiction. Accordingly, we affirm that court's decision.

We now address the three additional claims that Mr. Martin raises for the first time on appeal. As an initial matter, because Mr. Martin "did not raise th[ese claims] before the Court of Federal Claims, [they are] waived on appeal." *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1355 (Fed. Cir. 2011). Even if Mr. Martin had raised these claims before the Court of Federal Claims, that court would lack jurisdiction to consider them. Regarding the first claim, the Court of Federal Claims lacks jurisdiction over claims seeking damages for allegedly unlawful IRS collection activities, including tax liens. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Regarding the second claim, the "American Rule on court costs" is not a money-mandating source of law, and thus the trial court has no jurisdiction to claims arising under that rule. And regarding the third claim, 28 U.S.C. § 1491(a)(2) provides only that the Court of Federal Claims may remand cases, render judgment in Contract Disputes Act cases, and correct records; it does not create an independent basis for jurisdiction. Thus, even if Mr. Martin had clearly raised these claims before the Court of Federal Claims, that court would have been required to dismiss them for lack of jurisdiction.

Next, we turn to Mr. Martin's argument that the trial court abused its discretion in denying his motion that requested (1) leave to file an amended complaint under Rule 15 of the Rules for the Court of Federal Claims and (2) modification of the judgment under Rule 59 of those same rules. First, under Rule 15, a party may move to amend the pleadings to incorporate an issue that was "tried by the parties' express or implied consent." R. Ct. Fed. Cl. 15(b)(2). Here, there was no basis to amend the complaint to incorporate a "tried" issue because there was no trial. Second, under Rule 59, the trial court "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or

prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016). Here, Mr. Martin's motion did not identify an intervening change in the law, any newly discovered evidence, or an error of fact or law; instead, his motion merely reiterated his prior claims. *See generally* SAppx. 31–41, 47. Accordingly, the trial court did not abuse its discretion in denying Mr. Martin's motion.

Finally, we note that Mr. Martin has filed multiple motions in this case, including a "Motion for All Writs Act Relief." *See Martin v. United States*, No. 22-1810 (Fed. Cir. Aug. 16, 2022), ECF No. 14. In that motion, Mr. Martin challenges a July 2022 decision in *County of Bexar v. Martin*, No. SA-22-CV-00374-XR (W.D. Tex. July 18, 2022), granting the government's motion to remand a state foreclosure action back to state court. Mr. Martin's appellate briefing further addresses this motion. *See* Appellant's Br. 18 (invoking 28 U.S.C. § 1631, which addresses transfer). As an initial matter, this motion—seeking relief in an unrelated district court case—has no bearing on the present appeal from the Court of Federal Claims. Further, "[a]n order remanding a case to the [s]tate court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). For at least these two reasons, we are prohibited from reviewing the district court's remand order. Accordingly, we deny Mr. Martin's motion.

Mr. Martin also filed a motion requesting both a writ of mandamus and stay of this appeal pending review of the motion. *See Martin v. United States*, No. 22-1810 (Fed. Cir. Sept. 30, 2022), ECF No. 43. Like the previous motion, this motion appears to be related to the action pending in the Western District of Texas. *See, e.g.*, *id.* at 2 (requesting a writ of mandamus to Judge Pulliam, a judge in that district). Accordingly, we deny this motion for the same reasons as stated above.

We have considered each of Mr. Martin's remaining arguments and find them unpersuasive.

CONCLUSION

For the above reasons, we affirm the judgment of the Court of Federal Claims and deny Mr. Martin's pending motion for "Motion for All Writs Act Relief" and his motion requesting a writ of mandamus and a stay of appeal.

**AFFIRMED**

COSTS

No costs.